# NO. 12-08-00264-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTYWINE TURELL OLIPHANT,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Antywine Turell Oliphant appeals his conviction for evading arrest. In three issues, Appellant argues that the evidence is legally and factually insufficient to support his conviction, and that the trial court erred by failing to submit to the jury his request for an application paragraph in the court's charge. We affirm.

### BACKGROUND

Appellant was charged by indictment with evading arrest, a state jail felony.[1] The indictment also included an enhancement paragraph, alleging that Appellant had been convicted of a felony prior to the commission of this offense.[2] Appellant pleaded "not guilty." At trial, Officer Myles

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(a) (Vernon 2003). An offense under this section is a state jail felony if the actor uses a vehicle while the actor is in flight and has not been previously convicted under this section. *Id.* § 38.04 (b)(1).

[2] *See* TEX. PENAL CODE ANN. § 12.35(c)(2)(A) (Vernon Supp. 2008). An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that the individual has previously been finally convicted of any felony listed in section 3g(a)(1), Article 42.12, Texas Code of Criminal

Holland, a road trooper with the Texas Department of Public Safety, testified that on June 30, 2007, he was on routine patrol in the northern part of the Old Diboll Highway and south of the city limits of Lufkin, Texas. Holland stated that the posted speed limit was thirty-five miles per hour. While traveling northbound at 8:56 p.m., he observed a vehicle coming over the hill at a "pretty substantial amount of speed." He "locked" the vehicle's speed on his radar system at fifty-seven miles per hour. At that point, Holland turned around and initiated a traffic stop by activating his overhead lights which automatically turned on his video camera. As he followed the vehicle, he noticed that the brake lights were flickering back and forth because the vehicle was slowing down and speeding up. According to Holland, the vehicle did not immediately pull over, but instead, traveled for an extended period of time before pulling over briefly. Although Holland thought the vehicle was going to stop, it pulled back into the roadway and continued traveling southbound. Holland testified that, at this time, the vehicle was not speeding, but traveling at approximately twenty-five miles per hour. At that point, he initiated his siren. However, the vehicle continued traveling southbound, continually slowing down and speeding up. When the vehicle slowed, Holland stated, the driver's door would open and then close before the vehicle speeded up again.

Holland testified that eventually the vehicle turned westbound on a dirt driveway, accelerated, went through an individual's front yard, around the house, and into a pasture. Holland stated that the driver of the vehicle opened the door, jumped out, and ran west toward a wood line. Then, the vehicle rolled into a pond. Holland chased the driver, whom he identified as Appellant, approximately 150 yards before placing him under arrest. Holland stated that, prior to Appellant's jumping out of the vehicle, he did not know there were any other occupants of the vehicle. However, when the vehicle went into the pond, two other men climbed out. Holland arrested both of these men on different charges, including public intoxication and tampering with evidence.

On cross examination, Holland admitted that he did not photograph his radar screen to document the speed of Appellant's vehicle. He admitted that if the vehicle had not been speeding, he would not have initiated a traffic stop. On redirect examination, Holland testified that he saw Appellant "bail" out of the driver's side door. Further, Appellant admitted to Holland that he was

Procedure. *Id.*

the driver of the vehicle. After the trial concluded, the jury found Appellant guilty of evading arrest as charged in the indictment and assessed his punishment at six years of imprisonment.[3] This appeal followed.

EVIDENTIARY SUFFICIENCY

In his first and second issues, Appellant contends that the evidence was legally and factually insufficient to support his conviction.

**Standard of Review**

"Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction." *Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd) (citing *Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-88, 61 L. Ed.2d 560 (1979)). The standard of review is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *LaCour v. State*, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). The evidence is viewed in the light most favorable to the verdict. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *LaCour*, 8 S.W.3d at 671. The conviction will be sustained "unless it is found to be irrational or unsupported by more than a 'mere modicum' of the evidence." *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). The jury is the sole judge of the credibility of witnesses and of the weight to be given their testimony. *Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). Any reconciliation of conflicts and contradictions in the evidence is entirely within the jury's domain. *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). If a reviewing court finds the evidence legally insufficient to support a conviction, the result is an acquittal. *Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed.2d 652 (1982).

In conducting a factual sufficiency review of the evidence supporting the jury's verdict, we consider all of the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compare it to the evidence that tends to disprove that fact. *See Santellan v. State*,

---

[3] An individual adjudged guilty of a third degree felony shall be punished by imprisonment for any term of not more than ten years or less than two years and, in addition, a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.34 (Vernon 2003).

939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Ultimately, we must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine our confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *see also Ortiz v. State*, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002) (a verdict will be set aside "only if the evidence supporting guilt is so obviously weak, or the contrary evidence so overwhelmingly outweighs the supporting evidence, as to render the conviction clearly wrong and manifestly unjust"); *see Sims v. State*, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003). A clearly wrong and manifestly unjust verdict occurs where the jury's finding "shocks the conscience" or "clearly demonstrates bias." *Jones v. State*, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).

Although we are authorized to disagree with the jury's determination, even if probative evidence exists that supports the verdict, *see Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996), our evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony. *Santellan*, 939 S.W.2d at 164. It is not enough that we might harbor a subjective level of reasonable doubt to overturn a conviction that is founded on legally sufficient evidence. *See Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *See Van Zandt v. State*, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref'd). We cannot declare that a conflict in the evidence justifies a new trial simply because we disagree with the jury's resolution of the conflict. *See Watson*, 204 S.W.3d at 417.

Further, in order to evaluate factual sufficiency, we should measure elements of the offense as defined in a hypothetically correct jury charge for the case. *Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008). This charge accurately promulgates the law, is authorized by the indictment, does not unnecessarily increase the state's burden of proof or restrict the state's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* at 280-81.

**Applicable Law**

A person commits an offense if he intentionally flees from a person he knows is a peace

officer attempting lawfully to arrest or detain him. TEX. PENAL CODE ANN. § 38.04(a) (Vernon 2003). Law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Terry v. Ohio*, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889 (1968). An investigatory stop requires only reasonable suspicion to justify the stop. *See United States v. Sokolow*, 490 U.S. 1, 7, 109 S. Ct. 1581, 1585, 104 L. Ed. 2d 1 (1989); *Chapnick v. State*, 25 S.W.3d 875, 877 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd). A temporary detention is justified when the detaining officer has specific articulable facts which, taken together with rational inferences from those facts, lead the officer to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005). The validity of the stop is determined from the totality of the circumstances. *See Sokolow*, 490 U.S. at 8, 109 S. Ct. at 1585; *Chapnick*, 25 S.W.3d at 877. These *Terry* principles apply to traffic stops. *Richardson v. State*, 39 S.W.3d 634, 637 (Tex. App.–Amarillo 2000, no pet.) (citing *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S. Ct. 2574, 45 L. Ed. 2d 607 (1975)).

A police officer may lawfully stop and detain a person for a traffic violation. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *Armitage v. State*, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982). If the officer has a reasonable basis for suspecting that a person has committed a traffic offense, the officer may legally initiate a traffic stop. *Powell v. State*, 5 S.W.3d 369, 376 (Tex. App.–Texarkana 1999, pet. ref'd). Proof that a statute was violated is not required. *Drago v. State*, 553 S.W.2d 375, 377 (Tex. Crim. App. 1977). A traffic stop is justified, therefore, if the officer reasonably thought an infraction was in progress. *Zervos v. State*, 15 S.W.3d 146, 152 (Tex. App.–Texarkana 2000, pet. ref'd); *Powell*, 5 S.W.3d at 376-77.

**Analysis**

In his brief, Appellant argues that the evidence is legally insufficient to support Holland's lawful attempt to arrest or detain him because the State failed to sufficiently prove the speed limit or the speed of his vehicle. Regarding the speed limit, he points to Holland's testimony as follows:

Q:   Okay. And where were you at in this particular incident?

A:   We were up at the northern part, but we were south of the city limits. And the speed limit throughout that probably, I'd say, about four-mile stretch there is 35 miles per

5

hour.

Appellant contends that Holland's answer that the speed limit is "probably" thirty-five miles per hour is far less certain than beyond a reasonable doubt. Our review of Holland's testimony is that he was unequivocal regarding the speed limit, but unsure of the length of the stretch of road in question. Further, two questions later, Holland was asked what the posted speed limit was "in that area where you were at" and he stated, without equivocation, that it was "35 miles per hour." Contrary to Appellant's arguments, there is sufficient evidence to conclude that the speed limit in the area was thirty-five miles per hour.

Regarding the speed of Appellant's vehicle, Holland testified that he "locked" the vehicle's speed at fifty-seven miles per hour in a posted thirty-five miles per hour speed limit. Appellant contends that Holland did not document the speed of his vehicle. Holland testified that turning on his vehicle's camera system before initiating a traffic stop is not regular protocol. Speeding is a traffic violation. *See* TEX. TRANSP. CODE ANN. §§ 545.351(a), 545.352(a) (Vernon 1999 & Supp. 2008). However, it was not necessary for Holland to document or prove that Appellant violated the speed limit, but only that he reasonably thought an infraction of the speed limit was in progress. *See* ***Zervos***, 15 S.W.3d at 152; ***Powell***, 5 S.W.3d at 376-77; ***Drago***, 553 S.W.2d at 377. Because Holland's radar system "locked" Appellant's vehicle traveling at fifty-seven miles per hour, there is sufficient evidence to conclude that Holland had a reasonable basis for suspecting that a traffic offense, specifically speeding, was in progress. Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found the elements of evading arrest beyond a reasonable doubt. Therefore, the evidence is legally sufficient to support Appellant's conviction.

In his brief, Appellant contends that the evidence is factually insufficient to support Holland's lawful attempt to arrest or detain him because the State failed to sufficiently prove the speed limit, the speed of his vehicle, or that he was the driver of the vehicle. Although Appellant contends that Holland may have seemed unsure, in his initial testimony, about the posted speed limit, Holland later declared without reservation that the speed limit was thirty-five miles per hour. Regarding the speed of Appellant's vehicle, Holland stated that documenting the speed of Appellant's vehicle with his camera system was not protocol for a regular traffic violation, and affirmatively stated that

6

Appellant's vehicle was traveling at fifty-seven miles per hour. These matters relate to Holland's credibility and whether the jury believed him.

Regarding whether Appellant was the driver of the vehicle, Appellant contends that there is no evidence prior to the vehicle rolling into the pond and someone "bailing" out that Holland identified Appellant as the driver of the vehicle. However, Holland testified that he saw the "driver" of the vehicle open the driver's side door, jump out, and run toward a wood line. Holland further stated that Appellant admitted that he was the driver of the vehicle. These matters also relate to Holland's credibility and whether the jury believed him.

In this case, the jury determined Holland's credibility and resolved any evidentiary inconsistencies in the State's favor, which is its prerogative as fact finder. Having reviewed the record in its entirety, we conclude that the jury was entitled to find that Appellant was guilty of evading arrest. Our review of the record as a whole, with consideration given to all of the evidence, both for and against the jury's finding, has not revealed to us any evidence that causes us to conclude that the proof of guilt is so obviously weak or is otherwise so greatly outweighed by contrary proof as to render Appellant's conviction clearly wrong or manifestly unjust. *See Ortiz*, 93 S.W.3d at 87; *Johnson*, 23 S.W.3d at 11; *Jones*, 944 S.W.2d at 648. Consequently, the evidence is factually sufficient for the jury to find Appellant guilty of evading arrest as alleged in the indictment. Accordingly, Appellant's first and second issues are overruled.

## COURT'S CHARGE

In his third issue, Appellant argues that the trial court erred by failing to submit to the jury his requested application paragraph along with the article 38.23(a) instruction in the court's charge. Article 38.23 requires the exclusion of evidence "obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas." TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005). The trial court's charge contained an article 38.23(a) charge, but did not contain Appellant's requested application paragraph. However, a trial court is required to include an article 38.23 instruction in the jury charge only if there is a factual dispute as to how the evidence was obtained. *Ballentine v. State*, 71 S.W.3d 763, 773 (Tex. Crim. App. 2002).

Here, Appellant contends that Holland did not have reasonable suspicion to stop his vehicle.

Holland testified that his radar system "locked" Appellant's vehicle traveling at fifty-seven miles per hour in a posted thirty-five mile per hour speed limit. Appellant did not testify or call any witness who controverted the State's proof regarding justification for the traffic stop. *See Shpikula v. State*, 68 S.W.3d 212, 217 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd). Although Appellant questioned Holland regarding his failure to photograph his radar screen to document the speed of Appellant's vehicle, such cross examination does not create an issue of fact as to the lawfulness of the traffic stop. *See Cerda v. State*, 10 S.W.3d 748, 757 (Tex. App.–Corpus Christi 2000, no pet.). Because Appellant did not present a factual dispute regarding the traffic stop at trial, he was not entitled to an article 38.23(a) instruction. *See Jones v. State*, No. 01-03-00161-CR, 2004 WL 396443, at *3 (Tex. App.–Houston [1st Dist.] Mar. 4, 2004, pet. ref'd). Thus, the trial court did not err by failing to submit Appellant's requested article 38.23(a) application paragraph in the jury charge. Accordingly, Appellant's third issue is overruled.

## DISPOSITION

The judgment of the trial court is ***affirmed***.


    SAM GRIFFITH

Justice


Opinion delivered May 29, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)