NO. 12-08-00264-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ANTYWINE TURELL OLIPHANT,
§
 APPEAL FROM THE 217TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANGELINA COUNTY, TEXAS

 

MEMORANDUM OPINION


 Antywine Turell Oliphant appeals his conviction for evading arrest. In three issues,
Appellant argues that the evidence is legally and factually insufficient to support his conviction, and
that the trial court erred by failing to submit to the jury his request for an application paragraph in
the court's charge. We affirm.


Background

 Appellant was charged by indictment with evading arrest, a state jail felony. (1) The indictment
also included an enhancement paragraph, alleging that Appellant had been convicted of a felony
prior to the commission of this offense. (2) Appellant pleaded "not guilty." At trial, Officer Myles
Holland, a road trooper with the Texas Department of Public Safety, testified that on June 30, 2007,
he was on routine patrol in the northern part of the Old Diboll Highway and south of the city limits
of Lufkin, Texas. Holland stated that the posted speed limit was thirty-five miles per hour. While
traveling northbound at 8:56 p.m., he observed a vehicle coming over the hill at a "pretty substantial
amount of speed." He "locked" the vehicle's speed on his radar system at fifty-seven miles per hour.
At that point, Holland turned around and initiated a traffic stop by activating his overhead lights
which automatically turned on his video camera. As he followed the vehicle, he noticed that the
brake lights were flickering back and forth because the vehicle was slowing down and speeding up. 
According to Holland, the vehicle did not immediately pull over, but instead, traveled for an
extended period of time before pulling over briefly. Although Holland thought the vehicle was going
to stop, it pulled back into the roadway and continued traveling southbound. Holland testified that,
at this time, the vehicle was not speeding, but traveling at approximately twenty-five miles per hour.
At that point, he initiated his siren. However, the vehicle continued traveling southbound,
continually slowing down and speeding up. When the vehicle slowed, Holland stated, the driver's
door would open and then close before the vehicle speeded up again.

 Holland testified that eventually the vehicle turned westbound on a dirt driveway,
accelerated, went through an individual's front yard, around the house, and into a pasture. Holland
stated that the driver of the vehicle opened the door, jumped out, and ran west toward a wood line.
Then, the vehicle rolled into a pond. Holland chased the driver, whom he identified as Appellant,
approximately 150 yards before placing him under arrest. Holland stated that, prior to Appellant's
jumping out of the vehicle, he did not know there were any other occupants of the vehicle. However,
when the vehicle went into the pond, two other men climbed out. Holland arrested both of these men
on different charges, including public intoxication and tampering with evidence.

 On cross examination, Holland admitted that he did not photograph his radar screen to
document the speed of Appellant's vehicle. He admitted that if the vehicle had not been speeding,
he would not have initiated a traffic stop. On redirect examination, Holland testified that he saw
Appellant "bail" out of the driver's side door. Further, Appellant admitted to Holland that he was
the driver of the vehicle. After the trial concluded, the jury found Appellant guilty of evading arrest
as charged in the indictment and assessed his punishment at six years of imprisonment. (3) This appeal
followed.


Evidentiary Sufficiency

 In his first and second issues, Appellant contends that the evidence was legally and factually
insufficient to support his conviction.

Standard of Review

 "Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction." Escobedo v. State, 6 S.W.3d 1, 6 (Tex.
App.-San Antonio 1999, pet. ref'd) (citing Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct.
2781, 2786-88, 61 L. Ed.2d 560 (1979)). The standard of review is whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. Jackson, 443
U.S. at 319, 99 S. Ct. at 2789; LaCour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). The
evidence is viewed in the light most favorable to the verdict. Jackson, 443 U.S. at 319, 99 S. Ct.
at 2789; LaCour, 8 S.W.3d at 671. The conviction will be sustained "unless it is found to be
irrational or unsupported by more than a 'mere modicum' of the evidence." Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988). The jury is the sole judge of the credibility of witnesses
and of the weight to be given their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim.
App. 1994). Any reconciliation of conflicts and contradictions in the evidence is entirely within the
jury's domain. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). If a reviewing court
finds the evidence legally insufficient to support a conviction, the result is an acquittal. Tibbs v.
Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed.2d 652 (1982). 

 In conducting a factual sufficiency review of the evidence supporting the jury's verdict, we
consider all of the evidence weighed by the jury that tends to prove the existence of the elemental
fact in dispute and compare it to the evidence that tends to disprove that fact. See Santellan v. State,
939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Ultimately, we must ask whether a neutral review
of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine our confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Ortiz v. State, 93 S.W.3d 79, 87 (Tex. Crim. App.
2002) (a verdict will be set aside "only if the evidence supporting guilt is so obviously weak, or the
contrary evidence so overwhelmingly outweighs the supporting evidence, as to render the conviction
clearly wrong and manifestly unjust"); see Sims v. State, 99 S.W.3d 600, 601 (Tex. Crim. App.
2003). A clearly wrong and manifestly unjust verdict occurs where the jury's finding "shocks the
conscience" or "clearly demonstrates bias." Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App.
1996).

 Although we are authorized to disagree with the jury's determination, even if probative
evidence exists that supports the verdict, see Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App.
1996), our evaluation should not substantially intrude upon the jury's role as the sole judge of the
weight and credibility of witness testimony. Santellan, 939 S.W.2d at 164. It is not enough that we
might harbor a subjective level of reasonable doubt to overturn a conviction that is founded on
legally sufficient evidence. See Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).
Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as
conclusive. See Van Zandt v. State, 932 S.W.2d 88, 96 (Tex. App.-El Paso 1996, pet. ref'd). We
cannot declare that a conflict in the evidence justifies a new trial simply because we disagree with
the jury's resolution of the conflict. See Watson, 204 S.W.3d at 417. 

 Further, in order to evaluate factual sufficiency, we should measure elements of the offense
as defined in a hypothetically correct jury charge for the case. Grotti v. State, 273 S.W.3d 273, 280
(Tex. Crim. App. 2008). This charge accurately promulgates the law, is authorized by the
indictment, does not unnecessarily increase the state's burden of proof or restrict the state's theories
of liability, and adequately describes the particular offense for which the defendant was tried. Id.
at 280-81.

Applicable Law

 A person commits an offense if he intentionally flees from a person he knows is a peace
officer attempting lawfully to arrest or detain him. Tex. Penal Code Ann. § 38.04(a) (Vernon
2003). Law enforcement officers may stop and briefly detain persons suspected of criminal activity
on less information than is constitutionally required for probable cause to arrest. Terry v. Ohio, 392
U.S. 1, 22, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889 (1968). An investigatory stop requires only
reasonable suspicion to justify the stop. See United States v. Sokolow, 490 U.S. 1, 7, 109 S. Ct.
1581, 1585, 104 L. Ed. 2d 1 (1989); Chapnick v. State, 25 S.W.3d 875, 877 (Tex. App.-Houston
[14th Dist.] 2000, pet. ref'd). A temporary detention is justified when the detaining officer has
specific articulable facts which, taken together with rational inferences from those facts, lead the
officer to conclude that the person detained is, has been, or soon will be engaged in criminal activity.
Brother v. State, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005). The validity of the stop is
determined from the totality of the circumstances. See Sokolow, 490 U.S. at 8, 109 S. Ct. at 1585;
Chapnick, 25 S.W.3d at 877. These Terry principles apply to traffic stops. Richardson v. State,
39 S.W.3d 634, 637 (Tex. App.-Amarillo 2000, no pet.) (citing United States v. Brignoni-Ponce,
422 U.S. 873, 95 S. Ct. 2574, 45 L. Ed. 2d 607 (1975)). 

 A police officer may lawfully stop and detain a person for a traffic violation. Garcia v. State,
827 S.W.2d 937, 944 (Tex. Crim. App. 1992); Armitage v. State, 637 S.W.2d 936, 939 (Tex. Crim.
App. 1982). If the officer has a reasonable basis for suspecting that a person has committed a traffic
offense, the officer may legally initiate a traffic stop. Powell v. State, 5 S.W.3d 369, 376 (Tex.
App.-Texarkana 1999, pet. ref'd). Proof that a statute was violated is not required. Drago v. State,
553 S.W.2d 375, 377 (Tex. Crim. App. 1977). A traffic stop is justified, therefore, if the officer
reasonably thought an infraction was in progress. Zervos v. State, 15 S.W.3d 146, 152 (Tex.
App.-Texarkana 2000, pet. ref'd); Powell, 5 S.W.3d at 376-77.

Analysis

 In his brief, Appellant argues that the evidence is legally insufficient to support Holland's
lawful attempt to arrest or detain him because the State failed to sufficiently prove the speed limit
or the speed of his vehicle. Regarding the speed limit, he points to Holland's testimony as follows:


 Q: Okay. And where were you at in this particular incident?


 A: We were up at the northern part, but we were south of the city limits. And the speed
limit throughout that probably, I'd say, about four-mile stretch there is 35 miles per
hour.



 Appellant contends that Holland's answer that the speed limit is "probably" thirty-five miles
per hour is far less certain than beyond a reasonable doubt. Our review of Holland's testimony is
that he was unequivocal regarding the speed limit, but unsure of the length of the stretch of road in
question. Further, two questions later, Holland was asked what the posted speed limit was "in that
area where you were at" and he stated, without equivocation, that it was "35 miles per hour." 
Contrary to Appellant's arguments, there is sufficient evidence to conclude that the speed limit in
the area was thirty-five miles per hour.

 Regarding the speed of Appellant's vehicle, Holland testified that he "locked" the vehicle's
speed at fifty-seven miles per hour in a posted thirty-five miles per hour speed limit. Appellant
contends that Holland did not document the speed of his vehicle. Holland testified that turning on
his vehicle's camera system before initiating a traffic stop is not regular protocol. Speeding is a
traffic violation. See Tex. Transp. Code Ann. §§ 545.351(a), 545.352(a) (Vernon 1999 & Supp.
2008). However, it was not necessary for Holland to document or prove that Appellant violated the
speed limit, but only that he reasonably thought an infraction of the speed limit was in progress. See
Zervos, 15 S.W.3d at 152; Powell, 5 S.W.3d at 376-77; Drago, 553 S.W.2d at 377. Because
Holland's radar system "locked" Appellant's vehicle traveling at fifty-seven miles per hour, there
is sufficient evidence to conclude that Holland had a reasonable basis for suspecting that a traffic
offense, specifically speeding, was in progress. Viewing the evidence in the light most favorable to
the jury's verdict, we conclude that a rational trier of fact could have found the elements of evading
arrest beyond a reasonable doubt. Therefore, the evidence is legally sufficient to support Appellant's
conviction.

 In his brief, Appellant contends that the evidence is factually insufficient to support Holland's
lawful attempt to arrest or detain him because the State failed to sufficiently prove the speed limit, 
the speed of his vehicle, or that he was the driver of the vehicle. Although Appellant contends that
Holland may have seemed unsure, in his initial testimony, about the posted speed limit, Holland later
declared without reservation that the speed limit was thirty-five miles per hour. Regarding the speed
of Appellant's vehicle, Holland stated that documenting the speed of Appellant's vehicle with his
camera system was not protocol for a regular traffic violation, and affirmatively stated that
Appellant's vehicle was traveling at fifty-seven miles per hour. These matters relate to Holland's
credibility and whether the jury believed him.

 Regarding whether Appellant was the driver of the vehicle, Appellant contends that there is
no evidence prior to the vehicle rolling into the pond and someone "bailing" out that Holland
identified Appellant as the driver of the vehicle. However, Holland testified that he saw the "driver"
of the vehicle open the driver's side door, jump out, and run toward a wood line. Holland further
stated that Appellant admitted that he was the driver of the vehicle. These matters also relate to
Holland's credibility and whether the jury believed him.

 In this case, the jury determined Holland's credibility and resolved any evidentiary
inconsistencies in the State's favor, which is its prerogative as fact finder. Having reviewed the
record in its entirety, we conclude that the jury was entitled to find that Appellant was guilty of
evading arrest. Our review of the record as a whole, with consideration given to all of the evidence,
both for and against the jury's finding, has not revealed to us any evidence that causes us to conclude
that the proof of guilt is so obviously weak or is otherwise so greatly outweighed by contrary proof
as to render Appellant's conviction clearly wrong or manifestly unjust. See Ortiz, 93 S.W.3d at 87;
Johnson, 23 S.W.3d at 11; Jones, 944 S.W.2d at 648. Consequently, the evidence is factually
sufficient for the jury to find Appellant guilty of evading arrest as alleged in the indictment.
Accordingly, Appellant's first and second issues are overruled.


Court's Charge

 In his third issue, Appellant argues that the trial court erred by failing to submit to the jury 
his requested application paragraph along with the article 38.23(a) instruction in the court's charge. 
Article 38.23 requires the exclusion of evidence "obtained by an officer or other person in violation
of any provisions of the Constitution or laws of the State of Texas." Tex. Code Crim. Proc. Ann.
art. 38.23(a) (Vernon 2005). The trial court's charge contained an article 38.23(a) charge, but did
not contain Appellant's requested application paragraph. However, a trial court is required to
include an article 38.23 instruction in the jury charge only if there is a factual dispute as to how the
evidence was obtained. Ballentine v. State, 71 S.W.3d 763, 773 (Tex. Crim. App. 2002). 

 Here, Appellant contends that Holland did not have reasonable suspicion to stop his vehicle.
Holland testified that his radar system "locked" Appellant's vehicle traveling at fifty-seven miles per
hour in a posted thirty-five mile per hour speed limit. Appellant did not testify or call any witness
who controverted the State's proof regarding justification for the traffic stop. See Shpikula v. State,
68 S.W.3d 212, 217 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd). Although Appellant
questioned Holland regarding his failure to photograph his radar screen to document the speed of
Appellant's vehicle, such cross examination does not create an issue of fact as to the lawfulness of
the traffic stop. See Cerda v. State, 10 S.W.3d 748, 757 (Tex. App.-Corpus Christi 2000, no pet.).
Because Appellant did not present a factual dispute regarding the traffic stop at trial, he was not
entitled to an article 38.23(a) instruction. See Jones v. State, No. 01-03-00161-CR, 2004 WL
396443, at *3 (Tex. App.-Houston [1st Dist.] Mar. 4, 2004, pet. ref'd). Thus, the trial court did not
err by failing to submit Appellant's requested article 38.23(a) application paragraph in the jury
charge. Accordingly, Appellant's third issue is overruled.


Disposition

 The judgment of the trial court is affirmed.




 SAM GRIFFITH 

 Justice



Opinion delivered May 29, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.










(DO NOT PUBLISH)
1. See Tex. Penal Code Ann. § 38.04(a) (Vernon 2003). An offense under this section is a state jail felony
if the actor uses a vehicle while the actor is in flight and has not been previously convicted under this section. Id.
§ 38.04 (b)(1).
2. See Tex. Penal Code Ann. § 12.35(c)(2)(A) (Vernon Supp. 2008). An individual adjudged guilty of a
state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that the individual
has previously been finally convicted of any felony listed in section 3g(a)(1), Article 42.12, Texas Code of Criminal
Procedure. Id.
3. An individual adjudged guilty of a third degree felony shall be punished by imprisonment for any term of
not more than ten years or less than two years and, in addition, a fine not to exceed $10,000. Tex. Penal Code Ann.
§ 12.34 (Vernon 2003).