Bryan CHAPNICK, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–99–01134–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 3, 2000.

Aronld Gene Jones, Jr., Katy, for appellants.

Peyton Peebles, Houston, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, ANDERSON, and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

After the trial court denied his motion to suppress, Bryan Chapnick, appellant, pleaded guilty with an agreed recommendation to driving while intoxicated. (DWI). He was sentenced to 180 days confinement in Harris county jail, probated for one year, and fined $300. In one point of error, appellant challenges the trial court's denial of his motion to suppress. Appellant asserts the trial court erred by denying his motion because at the hearing, the police officer did not demonstrate she had probable cause to arrest him for DWI. We affirm.

### I.

### Factual Background

The record of the suppression hearing demonstrates that at approximately one o'clock in the morning, Officer K.R. Gibbs observed appellant traveling at a high rate of speed as he approached railroad tracks and an intersection. At the hearing, Gibbs testified that appellant was traveling so quickly toward the intersection that although Gibbs had the right of way, she stopped at the green light because she was concerned appellant was going to run his red light. Gibbs further testified that after speeding across the railroad tracks, appellant skidded to a stop at the intersection, and that in order to do so, he must have been "stand[ing] on the brakes." Gibbs followed appellant, turned on her flashing lights, and saw him bump into the curb twice. Appellant did not stop imme-

diately, so Gibbs sounded her siren. Appellant finally stopped his car, but not before he drove over a traffic barrier and into the oncoming traffic lane. When Gibbs approached appellant, she noticed his bloodshot eyes, the scent of alcohol on his breath and his slurred speech. After appellant failed a field sobriety test, Gibbs arrested him for driving while intoxicated. (DWI).

## II.

## Standard of Review

■ In a hearing on a motion to suppress, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses as well as the weight to be given to their testimony. *See Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim. App.1990); *see also Taylor v. State,* 916 S.W.2d 680, 681 (Tex.App.—Waco 1996, pet. ref'd) As a general rule, almost total deference is given to a trial court's findings of fact, especially when those findings are based on an evaluation of credibility and demeanor. *See Guzman v. State,* 955 S.W.2d 85, 87 (Tex.Crim.App.1997). However, appellate inquiry into the issue of whether probable cause or reasonable suspicion exists for a warrantless arrest involves a mixed question of law and fact. *See id.* Therefore, if the issue to be determined on appeal is whether the officer had probable cause to seize a suspect, under the totality of the circumstances, "the trial judge is not in an appreciably better position than the reviewing court to make that determination." *Id.* at 87. Therefore, appellate courts review probable cause and reasonable suspicion issues *de novo. See id.; see also State v. Arriaga,* 5 S.W.3d 804, 805 (Tex.App.—San Antonio 1999, pet. ref'd).

## III.

## Reasonable Suspicion

■ Law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than that required for probable cause to arrest. *See Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *see also Crockett v. State,* 803 S.W.2d 308, 311 (Tex.Crim.App.1991). An investigatory stop requires only reasonable suspicion to justify the stop. *See United States v. Sokolow,* 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989). To justify an investigative detention, the officer must have specific articulable facts which, premised upon his experience and personal knowledge, when coupled with the logical inferences from those facts, would warrant intruding upon the detained citizen's freedom. *See Garza v. State,* 771 S.W.2d 549, 558 (Tex.Crim.App.1989). The validity of the stop is determined from the totality of the circumstances. *See Sokolow,* 490 U.S. at 8, 109 S.Ct. at 1585.

■ Here, Gibbs testified she stopped appellant because he was speeding and failed to control the speed of his car. Speeding and failure to control speed are traffic violations. *See* TEX. TRANS. CODE ANN. § 545.351 (Vernon 1999). An officer may lawfully stop and detain a person for a traffic violation. *See McVickers v. State,* 874 S.W.2d 662, 664 (Tex.Crim.App.1993); *see also Gajewski v. State,* 944 S.W.2d 450, 453 (Tex.App.—Houston [14th Dist.] 1997, no pet.). Therefore, Gibbs stopped appellant based on the articulable fact of his traffic violations. Accordingly, Gibbs had reasonable suspicion to stop appellant.

## IV.

## Probable Cause

■ After an officer stops a defendant for a traffic offense, there must be additional facts constituting probable cause to arrest the defendant for driving while intoxicated. *See McClain v. State,* 984 S.W.2d 700, 702–03 (Tex.App.—Texarkana 1998); *see also Texas Dep't of Public Safety v. Rodriguez,* 953 S.W.2d 362, 364 (Tex. App.-Austin 1997, no pet.). There must be some causal link between the reasonable suspicion to stop the vehicle and the subse-

quent probable cause to arrest the motorist for driving while intoxicated. *See Rodriguez*, 953 S.W.2d at 364–65. Probable cause exists where the police have reasonably trustworthy information sufficient to warrant a reasonable person to believe a particular person has committed or is committing an offense. *See Guzman*, 955 S.W.2d at 87; *see also Amores v. State*, 816 S.W.2d 407, 413 (Tex.Crim.App.1991). Probable cause deals with probabilities; it requires more than mere suspicion but far less evidence than that needed to support a conviction or even that needed to support a finding by a preponderance of the evidence. *See Guzman*, 955 S.W.2d at 87; *see also Texas Dept. of Public Safety v. Walter*, 979 S.W.2d 22, 29 (Tex.App.—Houston [14th Dist.] 1998, no pet.)

A person commits the offense of DWI if he is intoxicated while operating a motor vehicle in a public place. *See* TEX. PEN.CODE ANN. § 49.04 (Vernon Supp. 2000). The definition of intoxication is: (1) not having the normal use of mental or physical faculties by reason of introduction of alcohol or other substances in the body; or (2) having an alcohol concentration of 0.08 or more. *See* TEX. PEN.CODE ANN. § 49.01 (Vernon Supp.2000).

Here, the record reflects the officer had probable cause to arrest appellant for DWI. First, after Gibbs turned on her flashing lights and began following appellant, he twice ran into the curb. Second, in order to stop, he drove over a traffic barrier and parked in the oncoming traffic lane. Third, when she approached appellant, Gibbs noticed appellant's speech was slurred, his eyes were bloodshot, and he smelled of an alcoholic beverage. Appellant confirmed he had been drinking when Gibbs asked. Fourth, appellant failed the Romberg field sobriety test which consists of the driver standing outside the car, with both feet together, and estimating in his mind the passage of thirty seconds. Gibbs testified that appellant obviously swayed as he stood with both feet flat on the ground and inaccurately estimated only twelve of the thirty seconds. Based on a thorough review of the record, we hold Officer Gibbs possessed probable cause to arrest appellant for DWI. *See Held v. State*, 948 S.W.2d 45, 51 (Tex.App.—Houston [14th Dist.] 1997, pet. ref'd); *see also State v. Stolte*, 991 S.W.2d 336, 340 (Tex. App.—Fort Worth 1999, no pet.). Therefore, the trial court did not err in denying appellant's motion to suppress. Accordingly, we overrule appellant's sole point of error.