Affirmed and Memorandum Opinion
filed December 3, 2009

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00906-CR



Elizabeth A.
Rodriguez, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 232nd District Court

Harris County, Texas

Trial Court
Cause No. 1152814



 

MEMORANDUM OPINION 

A grand jury indicted appellant Elizabeth A.
Rodriguez for the offense of possession of a controlled substance.  After the
trial court denied her motion to suppress, appellant pleaded guilty to the
offense; the trial court placed her on deferred adjudication for two years.  We
affirm.

Background

Appellant filed a motion to suppress the narcotics
discovered on her person after a traffic stop.  The trial court heard the motion
to suppress through opposing affidavits.[1] 
Viewing the evidence in the light most favorable to the trial court’s ruling,[2] the record
reflects the following: 

Around 10:30 p.m. on February 7, 2008, Harris County
Sheriff’s Deputy R. Persaud pulled a vehicle over for a traffic violation. 
Appellant was the front seat passenger in the vehicle.  When Deputy Persaud
approached the driver’s side of the vehicle, he smelled “a strong odor of burnt
marijuana” coming from inside the car.  He asked the driver to get out of the
vehicle and patted him down; Deputy Persaud discovered cocaine in the driver’s
front pocket.  He placed the driver in the back seat of his patrol vehicle.

Deputy Persaud then asked appellant to exit the
vehicle; as she was exiting, he saw a marijuana cigar on her seat.  He
conducted a pat-down search of appellant and found nothing.  He then placed
appellant in the back seat of his patrol car.  Deputy Persaud returned to the
vehicle to search for more contraband, but found nothing else.  When he
returned to his patrol car, he noticed that appellant had unbuttoned her
pants.  He removed her from his patrol car to see if she had dropped any small
weapons or contraband in the back seat of his vehicle.  After he found nothing,
he asked appellant if she had any narcotics on her person that he needed to
know about.  She admitted she had pills in the “inside . . . back area of her
pants.”  Appellant retrieved a small pill bottle containing six pills from
inside her pants.  The pills field-tested positive for a methamphetamine
substance that Deputy Persaud identified as Ecstasy.  

According to Deputy Persaud, during the investigation
appellant was handcuffed and placed in the back of his vehicle for “officer
safety”; she was not under arrest at the time she made the statement to him
regarding the pills in her pants or when she willingly turned over the drugs to
him. 

After the trial court denied her motion to suppress
the evidence, appellant pleaded guilty.  Pursuant to a plea agreement with the
State, the trial court entered an order of deferred adjudication and placed
appellant on community supervision for two years.  The trial court also filed “findings
and conclusions.”[3] 
The trial court certified appellant’s right to appeal the denial of her motion
to suppress, and this appeal timely ensued.

Analysis

In three issues, appellant challenges the trial
court’s ruling on her motion to suppress evidence.  She asserts the trial court
abused its discretion in denying her motion to suppress; she challenges the
trial court’s finding that Deputy Persaud discovered a marijuana cigar in her
seat; and she contends the trial court erred in concluding that her statement
in response to Deputy Persaud’s question did not result from police
interrogation because she was not under arrest.

A.         Standard
of Review 

When reviewing a trial court’s ruling on a motion to
suppress, we “must view the evidence in the light most favorable to the trial
court’s ruling.”  Wiede v. State, 214 S.W.3d 17, 24 (Tex. Crim. App.
2007) (quoting State v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006)). 
We must uphold the trial court’s ruling if it is supported by the record and
correct under any theory of law applicable to the case even if the trial court
gave the wrong reason for its ruling.  Armendariz v. State, 123 S.W.3d
401, 404 (Tex. Crim. App. 2003) (en banc).  Where, as here, the trial court
determines the motion to suppress based solely on competing affidavits, we
defer to the trial court’s determination of historical facts.  See Manzi v. State,
88 S.W.3d 240, 243–44 (Tex. Crim. App. 2002) (en banc).  We generally review de
novo the trial court’s application of the law to the facts, unless resolution
of the legal issues turns on an evaluation of credibility and demeanor, in
which case we must afford “almost total deference” to the trial court’s
ruling.  See State v. Ross, 32 S.W.3d 853, 856–57 (Tex. Crim. App. 2000)
(en banc).  

B.         Application

Appellant summarizes her argument as follows:

[Appellant’s] argument herein is two-fold.  First, while
the initial detention and pat down search by the officer may have been
reasonable, after the search of the suspect vehicle and pat down of
[appellant]’s person disclosed no contraband, any further detention would be
unfounded since there was no basis to believe she had or was about to commit a
violation of any kind.  Second, when the police continued the use of handcuffs
and refused to allow [appellant] to leave, but instead, subjected her to an
interrogation in the presence of several on-the-scene police officers to
determine if she possessed any narcotics or other contraband, converted [sic]
an otherwise temporary detention into an unlawful arrest so that the fruits of
the unlawful, extended, illegal arrest and non-Mirandized statements
were tainted and subject to suppression.  The trial court’s conclusion to the
contrary in denying [appellant’s] motion to suppress was clearly erroneous and
constituted an abuse of discretion violating the mandatory directive of Article
38.23 of the Texas Code of Criminal Procedure.

Law enforcement officers may stop and briefly detain
persons suspected of criminal activity on less information than that required
for probable cause to arrest.  See Terry v. Ohio, 392 U.S. 1, 22 (1968);
Chapnick v. State, 25 S.W.3d 875, 877 (Tex. App.—Houston [14th Dist.]
2000, pet. ref’d).  An officer must have reasonable suspicion to justify an investigatory
stop.  See United States v. Sokolow, 490 U.S. 1, 7 (1989).  Reasonable
suspicion for an investigatory detention arises when an officer has specific
articulable facts which, premised upon his experience and personal knowledge
and coupled with the logical inferences from those facts, warrant intruding
upon the detained citizen’s freedom.  Chapnick, 25 S.W.3d at 877.  The
validity of the stop is determined from the totality of the circumstances.  Id.
(citing Sokolow, 490 U.S. at 8).  An officer may handcuff a suspect
and place her in the patrol car during an investigatory detention if it is
reasonably necessary to continue the investigation, maintain the status quo,
and insure the safety of the officer.[4] 
An investigatory detention must last “no longer than is necessary to effectuate
the purpose of the stop....  The
investigative methods employed should be the least intrusive means reasonably
available to verify or dispel the officer’s suspicion in a short period of
time.”  Davis v. State, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997) (en
banc).  But if an officer develops a reasonable suspicion that a person is
engaged in, or soon will engage in, criminal activity, he may continue to
detain her for investigation unrelated to the initial traffic stop.  See
Taylor v. State, 20 S.W.3d 51, 56 (Tex. App.—Texarkana 2000, pet. ref’d)
(citing Davis, 947 S.W.2d at 245).   

The record reflects that after Deputy Persaud made
the traffic stop, he smelled a strong odor of burnt marijuana emanating from
the vehicle, and he saw a cigar containing a “green leafy substance” on appellant’s
seat when he asked her to exit the vehicle.[5] 
See id. (stating that the odor of marijuana emanating from a vehicle
provides reasonable suspicion of criminal activity sufficient to support a
temporary detention).  After patting down appellant and finding nothing on her,
Deputy Persaud handcuffed appellant and put her in the back seat of the patrol
car while he searched the vehicle.  Finding nothing significant during the
search, Deputy Persaud returned to his patrol car and he observed that
appellant had unbuttoned her pants.  He removed appellant from the patrol car
and asked if she had contraband on her that he needed to know about, and she
admitted she had pills in her pants, which she removed and gave to him.

Based on the record, the trial court could have
reasonably concluded that appellant was legally detained for investigatory
purposes when she was handcuffed and placed in the back of the patrol car while
the vehicle was searched.  Further, when Deputy Persaud observed that appellant
had unbuttoned her pants while she was in the patrol car, it was reasonable for
the officer to extend the detention to investigate whether appellant had
concealed or disposed of contraband.  Thus, appellant was not under arrest when
she made the statement admitting she had drugs in her pants.  The trial court
did not err in denying appellant’s motion to suppress.

Conclusion

We affirm the trial
court’s judgment.

 

                                                                                    

                                                                        /s/        Margaret
Garner Mirabal

                                                                                    Justice

 

Panel consists of Justices Anderson and
Boyce and Senior Justice Mirabal.*

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
See Tex. Code Crim. Proc. Ann.
art.  28.01 § 1(6) (Vernon 2006).





[2]
Baldwin v. State, 278 S.W.3d 367, 379 (Tex. Crim. App. 2009).





[3]
These findings and conclusions provide:

Pursuant
to Tex. Code (Tex. Crim. App. P. art. 38.22 (hereafter referred to as “Article
38.22”), the court makes the following findings and conclusions:

Harris
County Sheriff’s Deputy Ronathan Persaud observed a car commit a traffic
violation.  He pulled the car over.  It was occupied by driver Virgilio Trevino
and front seat passenger, Elizabeth Rodriguez (hereafter “defendant”).

Persaud
asked Trevino to get out of the car.  He smelled the odor of marijuana.  He patted
down Trevino and found cocaine in his pocket.  He put Trevino into the backseat
of the patrol car.

Persaud
then approached the defendant and asked her to get out of the car.  He saw a
marijuana cigar on the front passenger seat.  He patted her down, found nothing
on her, handcuffed her and put her in the backseat of the patrol car while he
searched the car.  Finding nothing significant in the car, he returned to the
defendant and noticed her pants were unbuttoned.  He took her out of the patrol
car and asked if she had contraband on her that he needed to know about.  She
admitted she had pills in her pants.  Persaud found a pill bottle in the back
of her pants.  It contained six Ecstasy tablets.

The
defendant’s statement is admissible because she was not under arrest when she
made it, and it was not in response to “interrogation” as that term is used in
Article 38.22.  Therefore, the defendant’s motion to suppress is denied.





[4]
See, e.g., United States v. Sanders, 994 F.2d 200, 205–08 (5th
Cir. 1993) (summarizing cases in which handcuffing suspect was permissible
during an investigative detention); Josey v. State, 981 S.W.2d 831, 840
(Tex. App.—Houston [14th Dist.] 1998, pet. ref’d) (stating that during an
investigative detention, an officer may handcuff a suspect in certain
circumstances); see also Perez v. State, 818 S.W.2d 512, 516 (Tex.
App.—Houston [1st Dist.] 1991, no pet.) (concluding that moving suspects to a
private area to continue investigation did not “taint” the detention).





[5]
Deputy Persaud’s pat-down search of the driver resulted in the discovery of
cocaine in his pocket.  The record does not reflect that any marijuana was
discovered on his person.  The trial court could have reasonably concluded that
Deputy Persaud saw a marijuana cigar on the front passenger seat.





* Senior Justice Margaret Garner Mirabal
sitting by assignment.