02-11-362-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00362-CR

 

 


 
 
 John LAUN a/k/a john Luan
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 3 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

Appellant
John Laun a/k/a John Luan appeals his conviction for driving while intoxicated
and felony repetition.[2]  In one point, Laun
contends that the trial court erred by denying his motion to suppress evidence
of his intoxication while operating a motor vehicle in a public place.  We will
affirm.

II.  Background

Rafael
Suarez, a fourteen-year veteran police officer for the City of Euless, was
patrolling traffic in the early afternoon of April 4, 2010, when he
received a dispatch regarding a possible intoxicated individual leaving the
police station in a black Ford pickup truck.  Public service officer Goose
Wall, a breath-test operator for the City of Euless Police Department, relayed
information through dispatch that Laun had come to the police department
attempting to post bail for a relative.  Suarez knew Wall, spoke with him
personally, and testified at the suppression hearing that Wall had been with
the City of Euless longer than he had.  According to Suarez, Wall called
dispatch because Laun arrived at the police station with bloodshot eyes,
staggering and slurring his speech.  Wall informed Suarez that, despite the
presence of a glass divider with a small pass-through hole, Wall had determined
that Laun smelled strongly of alcohol.  Wall asked Laun to have a seat in the
lobby area and told him that an officer would be with him shortly.  Laun
decided to leave instead.  As Suarez drove to the police station, he observed Laun
leaving the police station parking lot in a black Ford pickup truck.  By
Suarez’s account, there were no other black Ford pickup trucks in the parking
lot that day.  Suarez testified that the “civilian part” of the station was
closed that day because it was a Saturday.  Suarez initiated a traffic stop.  Laun
was eventually charged with driving while intoxicated.

On
February 3, 2011, the trial court conducted a hearing on Laun’s oral
motion to suppress.  At the hearing, Laun’s trial counsel announced that he had
not filed a written motion to suppress, but that the State had agreed to
proceed with the hearing.  Defense counsel stated that he would file a written
motion to suppress within the week and a brief within ten days of the hearing. 
More than five months later, Laun finally filed a “Memorandum in Support of
Defendant’s Motion to Suppress.”  Eleven days later, on July 26, 2011, Laun
entered a plea of guilty in exchange for ten years’ probation, a $1500 fine,
and 120 days in jail.  On the same day that Laun entered his plea, the trial
court certified his right to appeal.  The certification form contains a
conflict.  The trial court marked that this was a plea-bargain case, that Laun
had raised matters by written motion filed and ruled on before trial, and that
he had the right to appeal, but the trial court also marked that the defendant
had waived his right to appeal.  Later, on August 18, 2011, the trial
court entered a second certification of Laun’s right to appeal, checking only
that this was a plea-bargain case, that matters were raised by written motion
and ruled on before trial, and that Laun had the right to appeal.  This appeal
followed.

III.  Discussion

In
one point, Laun contends that the trial court erred by denying his motion to
suppress because “the arresting officer unreasonably and improperly detained
[him] in violation of the Fourth Amendment of the United States Constitution
and Article 1, Section 9 of the Texas Constitution.”  U.S. Const. amend. IV; Tex.
Const. art. I, § 9.  Specifically, Laun contends that Suarez did not observe
him commit a traffic offense,[3] “nor did [Suarez] have
reasonable suspicion that [Laun] recently engaged in, or was about to be
engaged in, criminal activity.”  We disagree.

A.      Standard
of Review

We
review a trial court’s ruling on a motion to suppress evidence under a
bifurcated standard of review.  Amador v. State, 221 S.W.3d 666, 673
(Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  We give almost total deference to a trial court’s rulings on
questions of historical fact and application-of-law-to-fact questions that turn
on an evaluation of credibility and demeanor, but we review de novo
application-of-law-to-fact questions that do not turn on credibility and
demeanor.  Amador, 221 S.W.3d at 673; Estrada v. State, 154
S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson v. State, 68 S.W.3d 644,
652–53 (Tex. Crim. App. 2002).

B.      Laun’s
Right to Appeal and this Court’s Jurisdiction

As a
preliminary matter, the State argues that this court lacks jurisdiction to hear
this appeal.  Specifically, the State alleges that Laun both waived his right
to appeal and that he failed to comply with the strictures of Texas Rules of
Appellate Procedure 25.2.  See Tex. R. App. P. 25.2(a)(2).  Rule 25.2 states in
part,

In a plea bargain
case--that is, a case in which a defendant’s plea was guilty or nolo contendere
and the punishment did not exceed the punishment recommended by the prosecutor
and agreed to by the defendant--a defendant may appeal only:

 

(A)   those matters
that were raised by written motion filed and ruled on before trial, or

 

(B)   after getting
the trial court’s permission to appeal.

 

Id.

 

Here,
the trial court specifically granted Laun the right to appeal in its second
certification.  Thus Laun does have the right to appeal and this court has
jurisdiction to hear the appeal.  Tex. R. App. P. 25.2(a)(2)(B).  Furthermore,
because Laun memorialized his motion to suppress prior to his entry of guilt, he
complied with the strictures of Rule 25.2(a)(2)(A).  Tex. R. App. P. 25.2(a)(2)(A);
see also Damron v. State, No. 02–08–00399–CR, 2010 WL 1006392, at *2–3
(Tex. App.—Fort Worth Mar. 18, 2010, no pet.) (mem. op., not designated
for publication) (right to appeal exists in plea-agreement case, even when
trial court denies certifying right to appeal when a written objection was
filed after oral objection but prior to trial).  We conclude that we have
jurisdiction to review Laun’s appeal.  See Damron, 2010 WL 1006392, at
*2–3.

C.      Suarez
Possessed Reasonable Suspicion to Stop Laun

Law-enforcement
officers may stop and briefly detain persons suspected of criminal activity on
less information than that required for probable cause to arrest.  See Terry
v. Ohio, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); Pipkin v.
State, 114 S.W.3d 649, 653–54 (Tex. App.—Fort Worth 2003, no pet.).  This
principle applies to both pedestrians and occupants of a vehicle.  Pipkin,
114 S.W.3d at 653.  An officer must have reasonable suspicion to justify an investigatory
stop.  See United States v. Sokolow, 490 U.S. 1, 7–8, 109 S. Ct.
1581, 1585 (1989).  Reasonable suspicion for an investigatory detention arises
when an officer has specific articulable facts which, premised on his
experience and personal knowledge and coupled with the logical inferences from
those facts, warrant intruding on the detained citizen’s freedom.  Chapnick
v. State, 25 S.W.3d 875, 877 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).

The
validity of the stop is determined from the totality of the circumstances.  Id.
(citing Sokolow, 490 U.S. at 8, 109 S. Ct. at 1585).  And the
actual basis for stopping a vehicle need not arise from the officer’s personal
observation, but may be supplied by information acquired from another person. Brother
v. State, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005), cert. denied,
546 U.S. 1150 (2006).  The information acquired is sufficient to form
reasonable suspicion when the officer knows the informant; the informant
describes the location, make, and model of the vehicle involved in the
suspected criminal activity; the informant conveys the articulable suspicion of
the criminal activity to the detaining officer; and the officer conducting the
stop finds a vehicle matching the description given in the place described, and
sees no other vehicles matching the same make and model at the location.  Orsag
v. State, 312 S.W.3d 105, 112–13 (Tex. App.—Houston [14th Dist.] 2010, pet.
ref’d).

In
this case, Wall, who witnessed Laun’s bloodshot eyes, slurred speech,
staggering gate, and high reek of alcohol at the police station, saw him leaving
in his vehicle.  Dispatch informed Suarez of this conduct and of Laun’s
location (the police station), the make of the vehicle (a Ford pickup), and the
color of the vehicle (black).  At the suppression hearing, Suarez testified
that within moments of the dispatch call, he saw a black Ford pickup leaving
the police station’s parking lot.  He testified that there were no other black
Ford pickups in the area.  Suarez also testified that he knew Wall personally. 
On the totality of these circumstances, we conclude that Suarez had a
reasonable suspicion to conduct a traffic stop of Laun’s pickup.  See id.
(officer had reasonable suspicion to conduct traffic stop of defendant’s
vehicle when stop was based on report from fellow officer, who was known to
arresting officer and who informed arresting officer that vehicle was speeding;
the location, make, and model of the vehicle; and arresting officer testified
that he saw vehicle matching description within minutes of dispatch call, a
short distance from where it was seen speeding, and that he saw no other
vehicles of same make and color in the area.).  We hold that the trial court
did not err by denying Laun’s motion to suppress, and we overrule his sole
point.  See Amador, 221 S.W.3d at 673.

IV. 
Conclusion

Having overruled Laun’s sole point on appeal,
we affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED: 
September 13, 2012



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00362-CR

 

 









 
 
 John
 Laun a/k/a John Luan
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From Criminal District
 Court No. 3
  
 of
 Tarrant County (1195599D)
  
 September
 13, 2012
  
 Opinion
 by Justice Meier
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
Justice Bill Meier

 









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. §§ 49.04(a), 49.09(b)(2) (West Supp. 2012).





[3]At the suppression
hearing, Suarez testified that he believed that Laun had committed a traffic
violation by failing to use his turn signal when he exited the police station. 
But the State then elicited testimony from Suarez that Laun’s failure to signal
was “technically not a traffic violation.”  See State v. Ballman, 157
S.W.3d 65, 70 (Tex. App.—Fort Worth 2004, pet. ref’d) (holding that defendant’s
failure to use turn signal to indicate his intention to make right-hand turn
from private parking lot onto public street did not constitute traffic code
violation).  On appeal, the State now argues that Ballman is
inapplicable to the facts of this case and that Suarez possessed an independent
reason aside from the information gained through dispatch to effectuate a stop;
namely, a failure to properly use his turn signal.  Because we conclude that
Suarez possessed reasonable suspicion to stop Laun, we need not address whether
Laun violated a traffic law and whether Ballman is applicable to the
facts of this case.