

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00362-CR

JOHN LAUN A/K/A JOHN LUAN          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant John Laun a/k/a John Luan appeals his conviction for driving while intoxicated and felony repetition.[2] In one point, Laun contends that the trial court erred by denying his motion to suppress evidence of his intoxication while operating a motor vehicle in a public place. We will affirm.

----------

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2) (West Supp. 2012).

## II. BACKGROUND

Rafael Suarez, a fourteen-year veteran police officer for the City of Euless, was patrolling traffic in the early afternoon of April 4, 2010, when he received a dispatch regarding a possible intoxicated individual leaving the police station in a black Ford pickup truck. Public service officer Goose Wall, a breath-test operator for the City of Euless Police Department, relayed information through dispatch that Laun had come to the police department attempting to post bail for a relative. Suarez knew Wall, spoke with him personally, and testified at the suppression hearing that Wall had been with the City of Euless longer than he had. According to Suarez, Wall called dispatch because Laun arrived at the police station with bloodshot eyes, staggering and slurring his speech. Wall informed Suarez that, despite the presence of a glass divider with a small pass-through hole, Wall had determined that Laun smelled strongly of alcohol. Wall asked Laun to have a seat in the lobby area and told him that an officer would be with him shortly. Laun decided to leave instead. As Suarez drove to the police station, he observed Laun leaving the police station parking lot in a black Ford pickup truck. By Suarez's account, there were no other black Ford pickup trucks in the parking lot that day. Suarez testified that the "civilian part" of the station was closed that day because it was a Saturday. Suarez initiated a traffic stop. Laun was eventually charged with driving while intoxicated.

On February 3, 2011, the trial court conducted a hearing on Laun's oral motion to suppress. At the hearing, Laun's trial counsel announced that he had

2

not filed a written motion to suppress, but that the State had agreed to proceed with the hearing. Defense counsel stated that he would file a written motion to suppress within the week and a brief within ten days of the hearing. More than five months later, Laun finally filed a "Memorandum in Support of Defendant's Motion to Suppress." Eleven days later, on July 26, 2011, Laun entered a plea of guilty in exchange for ten years' probation, a $1500 fine, and 120 days in jail. On the same day that Laun entered his plea, the trial court certified his right to appeal. The certification form contains a conflict. The trial court marked that this was a plea-bargain case, that Laun had raised matters by written motion filed and ruled on before trial, and that he had the right to appeal, but the trial court also marked that the defendant had waived his right to appeal. Later, on August 18, 2011, the trial court entered a second certification of Laun's right to appeal, checking only that this was a plea-bargain case, that matters were raised by written motion and ruled on before trial, and that Laun had the right to appeal. This appeal followed.

## III. DISCUSSION

In one point, Laun contends that the trial court erred by denying his motion to suppress because "the arresting officer unreasonably and improperly detained [him] in violation of the Fourth Amendment of the United States Constitution and Article 1, Section 9 of the Texas Constitution." U.S. Const. amend. IV; Tex. Const. art. I, § 9. Specifically, Laun contends that Suarez did not observe him

3

commit a traffic offense,[3] "nor did [Suarez] have reasonable suspicion that [Laun] recently engaged in, or was about to be engaged in, criminal activity." We disagree.

## A. Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

## B. Laun's Right to Appeal and this Court's Jurisdiction

---

[3]At the suppression hearing, Suarez testified that he believed that Laun had committed a traffic violation by failing to use his turn signal when he exited the police station. But the State then elicited testimony from Suarez that Laun's failure to signal was "technically not a traffic violation." *See State v. Ballman*, 157 S.W.3d 65, 70 (Tex. App.—Fort Worth 2004, pet. ref'd) (holding that defendant's failure to use turn signal to indicate his intention to make right-hand turn from private parking lot onto public street did not constitute traffic code violation). On appeal, the State now argues that *Ballman* is inapplicable to the facts of this case and that Suarez possessed an independent reason aside from the information gained through dispatch to effectuate a stop; namely, a failure to properly use his turn signal. Because we conclude that Suarez possessed reasonable suspicion to stop Laun, we need not address whether Laun violated a traffic law and whether *Ballman* is applicable to the facts of this case.

4

As a preliminary matter, the State argues that this court lacks jurisdiction to hear this appeal. Specifically, the State alleges that Laun both waived his right to appeal and that he failed to comply with the strictures of Texas Rules of Appellate Procedure 25.2. See Tex. R. App. P. 25.2(a)(2). Rule 25.2 states in part,

> In a plea bargain case--that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant--a defendant may appeal only:
>
> (A) those matters that were raised by written motion filed and ruled on before trial, or
>
> (B) after getting the trial court's permission to appeal.

*Id.*

Here, the trial court specifically granted Laun the right to appeal in its second certification. Thus Laun does have the right to appeal and this court has jurisdiction to hear the appeal. Tex. R. App. P. 25.2(a)(2)(B). Furthermore, because Laun memorialized his motion to suppress prior to his entry of guilt, he complied with the strictures of Rule 25.2(a)(2)(A). Tex. R. App. P. 25.2(a)(2)(A); *see also Damron v. State*, No. 02–08–00399–CR, 2010 WL 1006392, at *2–3 (Tex. App.—Fort Worth Mar. 18, 2010, no pet.) (mem. op., not designated for publication) (right to appeal exists in plea-agreement case, even when trial court denies certifying right to appeal when a written objection was filed after oral objection but prior to trial). We conclude that we have jurisdiction to review Laun's appeal. *See Damron*, 2010 WL 1006392, at *2–3.

5

## C.    Suarez Possessed Reasonable Suspicion to Stop Laun

Law-enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than that required for probable cause to arrest. *See Terry v. Ohio*, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); *Pipkin v. State*, 114 S.W.3d 649, 653–54 (Tex. App.—Fort Worth 2003, no pet.). This principle applies to both pedestrians and occupants of a vehicle. *Pipkin*, 114 S.W.3d at 653. An officer must have reasonable suspicion to justify an investigatory stop. *See United States v. Sokolow*, 490 U.S. 1, 7–8, 109 S. Ct. 1581, 1585 (1989). Reasonable suspicion for an investigatory detention arises when an officer has specific articulable facts which, premised on his experience and personal knowledge and coupled with the logical inferences from those facts, warrant intruding on the detained citizen's freedom. *Chapnick v. State*, 25 S.W.3d 875, 877 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

The validity of the stop is determined from the totality of the circumstances. *Id.* (*citing Sokolow*, 490 U.S. at 8, 109 S. Ct. at 1585). And the actual basis for stopping a vehicle need not arise from the officer's personal observation, but may be supplied by information acquired from another person. *Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005), *cert. denied*, 546 U.S. 1150 (2006). The information acquired is sufficient to form reasonable suspicion when the officer knows the informant; the informant describes the location, make, and model of the vehicle involved in the suspected criminal activity; the informant conveys the articulable suspicion of the criminal activity to the detaining officer;

6

and the officer conducting the stop finds a vehicle matching the description given in the place described, and sees no other vehicles matching the same make and model at the location. *Orsag v. State*, 312 S.W.3d 105, 112–13 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

In this case, Wall, who witnessed Laun's bloodshot eyes, slurred speech, staggering gate, and high reek of alcohol at the police station, saw him leaving in his vehicle. Dispatch informed Suarez of this conduct and of Laun's location (the police station), the make of the vehicle (a Ford pickup), and the color of the vehicle (black). At the suppression hearing, Suarez testified that within moments of the dispatch call, he saw a black Ford pickup leaving the police station's parking lot. He testified that there were no other black Ford pickups in the area. Suarez also testified that he knew Wall personally. On the totality of these circumstances, we conclude that Suarez had a reasonable suspicion to conduct a traffic stop of Laun's pickup. *See id.* (officer had reasonable suspicion to conduct traffic stop of defendant's vehicle when stop was based on report from fellow officer, who was known to arresting officer and who informed arresting officer that vehicle was speeding; the location, make, and model of the vehicle; and arresting officer testified that he saw vehicle matching description within minutes of dispatch call, a short distance from where it was seen speeding, and that he saw no other vehicles of same make and color in the area.). We hold that the trial court did not err by denying Laun's motion to suppress, and we overrule his sole point. *See Amador*, 221 S.W.3d at 673.

7

## IV. Conclusion

Having overruled Laun's sole point on appeal, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 13, 2012

8