

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-13-00701-CR

Jessica **PINEDA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 5449
Honorable N. Keith Williams, Judge Presiding[1]

Opinion by:   Luz Elena D. Chapa, Justice
Dissenting Opinion by:  Marialyn Barnard, Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  August 13, 2014

The majority hinges its entire holding — that the officer lacked reasonable suspicion — on the fact that the anonymous tipster never advised the officer (or dispatch) that Pineda and her companions lacked a permit to sell items from their vehicle in violation of a city ordinance — probably because the tipster did not know. The majority interprets the law of reasonable suspicion far too narrowly.

---

[1] The Honorable N. Keith Williams, presiding judge of the 216th Judicial District Court, Kendall County, Texas, presided over Pineda's plea of guilty and placed her on deferred adjudication. The Honorable Stephen B. Ables, sitting by assignment, heard and denied Pineda's motion to suppress.

The Fourth Amendment requires that a warrantless detention of a person that amounts to less than a custodial arrest must be justified by reasonable suspicion. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). An officer has reasonable suspicion to detain if he has "specific, articulable facts that, *combined with rational inferences from those facts*, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Derichsweiler*, 348 S.W.3d at 914 (emphasis added). This is an objective standard that disregards the actual subjective intent of the arresting officer and considers, instead, whether there was an objectively justifiable basis for the detention. *Id.* "It also looks to the totality of the circumstances; those circumstances may all seem innocent enough in isolation, but if they combine to reasonably suggest the imminence of criminal conduct, an investigative detention is justified." *Id.*; *Curtis v. State*, 238 S.W.3d 376, 379 (Tex. Crim. App. 2007) (noting appellate courts consider totality of circumstances in making reasonable suspicion determination). Under this standard, the articulable facts on which the officer relied need only support *a reasonable belief* that activity out of the ordinary is occurring or has occurred, that the person detained is connected to the activity, and that the activity is related to crime. *State v. Garcia*, 25 S.W.3d 908, 912 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

In its analysis, the majority contends the only facts known to the officer were that the tipster had witnessed Pineda or her companions attempting to sell items from the trunk of a vehicle in a parking lot and they left the parking lot at the tipster's request. Majority Op. at __. According to the majority, because the tipster "did not provide any facts suggesting Pineda did not have a permit and the complaint does not reveal that the officer had any independent knowledge of such fact[,]" the officer had insufficient information to conclude Pineda had engaged in criminal activity, i.e.,

had violated the city ordinance. *Id.* The majority concludes the tipster had to know and advise the officer or dispatch that Pineda was soliciting without a permit in order for the officer to make an investigatory stop; the officer could not infer criminal activity — selling without a permit — from the mere fact that Pineda and her companions left when confronted by the tipster after the tipster saw them selling from the trunk of the vehicle. *Id.* By reaching this conclusion, the majority seems to suggest an officer must have facts that make it a certitude — as opposed to a reasonable suspicion based on the totality of the circumstances — that a crime has occurred. This is not the law.

The standard applicable to reasonable suspicion "only requires 'some *minimal level* of objective justification' for the stop." *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012) (quoting *Foster v. State*, 326 S.W.3d 609, 614 (Tex. Crim. App. 2010)). The majority seems to demand more, seemingly the facts necessary for probable cause. If the issue was one of probable cause, I would agree with the majority that the officer had insufficient information. Probable cause exists when an officer has reasonably trustworthy information sufficient to warrant the belief that a particular person has committed or is committing a crime. *Guzman v. State*, 955 S.W.3d 85, 87 (Tex. Crim. App. 1997). However, probable cause is a heightened standard, and reasonable suspicion may be established on less than what the law requires to establish probable cause. *Derichsweiler*, 348 S.W.3d at 916; *Chapnick v. State*, 25 S.W.3d 875, 877 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (holding that after establishing reasonable suspicion for traffic stop, additional facts were required to establish probable cause necessary to arrest defendant for DWI).

As noted above, in *Derichsweiler*, the Court of Criminal Appeals held reasonable suspicion exists so as to permit an officer to detain a suspect for investigative purposes if he has specific facts that when combined with rational inferences from those facts would lead him to believe the

detainee has engaged or will soon engage in criminal activity. 348 S.W.3d at 914. Moreover, reasonable suspicion does not require that the officer be in possession of articulable facts that imbue him with a *certainty* that a crime has been or will be committed; rather, he need only have sufficient articulable facts to support *a reasonable belief* that activity out of the ordinary is occurring or has occurred, that the person detained is connected to the activity, and that the activity is related to crime. *Garcia*, 25 S.W.3d at 912. And, as is particularly relevant to this case, the Court of Criminal Appeals has held that reasonable suspicion does not necessarily require that the information relied upon by the officer lead "inexorably to the conclusion that a particular . . . offense" has been committed or is about to be committed. *Derichsweiler*, 348 S.W.3d at 917. It is enough to establish the lesser standard of reasonable suspicion if the officer has information that supports more than a hunch that suggests something of an apparently criminal nature is going on. *Id.*

Here, the officer knew: (1) the city had an ordinance that prohibited those without a permit from selling goods or services from a vehicle; (2) an individual or individuals were attempting to sell something from the trunk of a gray, four-door Grand Am, possible license plate number CNBL621; (3) the sellers left the property where they were selling goods when confronted and asked to leave; and (4) as he approached the tipster's location, he saw a gray, Pontiac Grand Am with license plate number CN8BL621 coming from the direction of the tipster's location. When the totality of the circumstances are considered objectively, the officer could have rationally inferred Pineda and her companions were selling goods from the vehicle without a permit in violation of the city ordinance. It is not an irrational leap to believe one engaging in criminal activity would stop the criminal activity and leave the location when confronted and asked to leave. The officer could have reasoned quite rationally that if Pineda and her companions had a permit,

i.e., were not engaging in criminal activity, they would not have immediately vacated the premises when confronted. If they were within their legal rights, why leave? Thus, based on the totality of the circumstances, I believe the officer had reasonable suspicion to stop and detain Pineda and her companions for investigative purposes.

Accordingly, because the officer had reasonable suspicion to stop and detain Pineda and her companions for investigatory purposes, based on the articulable facts and rational inferences from those facts, I would hold the trial court did not abuse its discretion in denying Pineda's motion to suppress and would affirm the judgment.

Marialyn Barnard, Justice

Publish