**Affirmed and Memorandum Opinion filed November 21, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00960-CR
_____

**JONATHAN DAVID CROOK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1809533**

## M E M O R A N D U M   O P I N I O N

Appellant Jonathan David Crook pleaded guilty to driving while intoxicated. Before pleading guilty, he filed a motion to suppress evidence on the ground that the traffic stop was made without reasonable suspicion of criminal activity. The trial court denied the motion to suppress, sentenced appellant to 180 days' confinement in county jail, and assessed a $500 fine. The trial court suspended the sentence and placed appellant on community supervision for one year. In one

issue, appellant challenges the trial court's denial of his motion to suppress on the basis that his Fourth Amendment rights were violated when a police officer allegedly stopped his vehicle without reasonable suspicion of criminal activity.[1] We affirm.

## *Background*

On February 11, 2012, an officer was stopped in his patrol car at an intersection on Highway 6 when he observed a vehicle driven by appellant traveling southbound at what the officer described as "a high rate of speed." The officer visually estimated the vehicle's speed as "traveling over the posted speed limit" and traveling at a higher speed in relationship to other vehicles. The officer then followed the vehicle and reached a high rate of speed before he caught up with it, as recorded on the officer's patrol car video equipment. Once the officer caught up with the vehicle and was traveling at a speed where the vehicle was "no longer pulling away from [the officer] and [the officer was] not gaining on [the vehicle]," the officer was able to pace the vehicle as traveling 50 miles per hour in an area with a speed limit of 40 miles per hour. The officer was unable to use his radar to clock the vehicle's speed. After the officer stopped the vehicle, he arrested appellant for driving while intoxicated.

## *Discussion*

We review a trial court's ruling on a motion to suppress for an abuse of discretion and overturn the trial court's ruling only if it is outside the zone of

---

[1] This was a warrantless traffic stop. *See Terry v. Ohio*, 392 U.S. 1, 30-31 (1968); *see also Woods v. State*, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997) ("The Fourth Amendment bridles the government's power to invade a person's privacy by requiring that searches and seizures customarily be supported by a showing of probable cause. The lower standard of reasonable suspicion is derived from the probable cause standard and applies only to those brief detentions which fall short of being fullscale searches and seizures.").

reasonable disagreement. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). We use a bifurcated standard of review, giving almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that rely upon the credibility of a witness, while applying a de novo standard of review to pure questions of law and mixed questions that do not depend on credibility determinations. *Id*. at 922–23. We view the evidence in the light most favorable to the trial court's ruling. *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007). In a suppression hearing, the trial court is the sole factfinder and judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). When the trial court makes no explicit findings of fact, as here, we imply fact findings to support the court's ruling as long as the evidence supports the implied findings. *See Gutierrez*, 221 S.W.3d at 687.

Appellant contends that the trial court erred in denying his motion to suppress because his rights were violated when police stopped his vehicle without reasonable suspicion of criminal activity. An investigative detention requires a police officer to have a reasonable suspicion of criminal activity. *See Terry v. Ohio*, 392 U.S. 1, 30-31 (1968); *see also Woods v. State*, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997). A police officer has reasonable suspicion for a detention if he has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Wade v. State*, No. PD-1710-12, 2013 WL 4820299, at *3 (Tex. Crim. App. Sept. 11, 2013); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). This is an objective standard that disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention. *Wade*, 2013

3

WL 4820299, at *3. The reasonableness of a temporary detention is determined from a totality of the circumstances. *Id*. If an officer has a reasonable basis for suspecting a person has committed a traffic offense, then the officer legally may initiate a traffic stop. *McVickers v. State*, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993), *superseded by rule on other grounds*, Tex. R. Evid. 101(d)(1)(A), *as recognized in Granados v. State*, 85 S.W.3d 217 (Tex. Crim. App. 2002); *see also Overshown v. State*, 329 S.W.3d 201, 205 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Appellant argues the initial stop was illegal because the circumstances surrounding the stop do not indicate the officer had a reasonable belief that appellant was speeding. An officer may initiate a traffic stop if he has a reasonable basis for suspecting that a person has committed a traffic violation. *Vasquez v. State*, 324 S.W.3d 912, 919 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). A traffic violation, such as speeding, committed in an officer's presence also authorizes a stop. *Id*. at 920; *see also Chapnick v. State*, 25 S.W.3d 875, 877 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

To support his argument that the stop was unreasonable, appellant points to the video and claims it shows the officer activated his emergency equipment immediately after appellant went through the intersection, which appellant asserts is an indication that the officer had made the decision to stop appellant before pacing appellant's vehicle. However, the officer testified at that point he had activated his rear lights only (not his front emergency lights to initiate a stop) to warn the driver of another vehicle that he was about to cross in front of that vehicle.[2] In addition, the video confirms that the officer pursued appellant at least

---

[2] The officer turned right from the left eastbound lane in pursuit of appellant and thus had to cross the lane of traffic on his right when navigating the turn.

a block before activating the patrol car's front emergency lights.

Appellant also disputes whether the officer accurately could have paced the vehicle because the video shows the patrol car's "rapid and constant acceleration, with no matching of speed between the two vehicles." However, the officer testified that he paced the vehicle at around 50 miles per hour once he was able to determine he could follow it at a steady pace.[3] He also explained that he did not need to maintain the same speed as the vehicle for a prolonged distance to pace it.[4] Additionally, the video shows that the officer was required to accelerate up to 82 miles per hour before he could catch up with appellant's vehicle.

The officer also testified the vehicle was traveling over the posted speed limit and at a higher speed in relationship to other vehicles. The officer's visual observation of the vehicle exceeding the speed limit is another factor in favor of finding the officer had reasonable suspicion to make the stop. *See, e.g., Icke v. State*, 36 S.W.3d 913, 916 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (noting that officer's visual observation of vehicle speeding was enough, with or without radar confirmation of speed, to "rise to the level of reasonable suspicion").

Considering the totality of the circumstances, we conclude the officer reasonably suspected appellant was exceeding the speed limit based on the officer's visual observation of the vehicle's speed in addition to his pacing of the vehicle to ascertain its speed. This reasonable suspicion justified the traffic stop. Thus, the trial court did not abuse its discretion in denying appellant's motion to

---

[3] The video shows the officer was traveling at 47 miles per hour at the moment he caught up with the vehicle.

[4] The officer testified that the distance traveled while pacing was not "predetermined":

So when I'm traveling I don't have to sit there and pace him for 100, 550, 25 yards, as long as I get to a point where I can justify that, yes, we're not parting ways, either falling behind or approaching him. It doesn't have to be a specific given point of 50 yards, 100 yards, 10 yards, even 10 feet.

suppress. We overrule appellant's sole issue.

We affirm the judgment of the trial court.

/s/ Martha Hill Jamison
   Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

Do no publish— TEX. R. APP. P. 47.2(b).